(No. 1886—)

MOORMAN MANUFACTURING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1934.*

WILSON & SCHMIEDESKAMP, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On May 11, 1931, claimant made application to the Division of Foods and Dairies for registration of its Gro-Strong Block Minerals, and enclosed with its application its check for Twenty-five Dollars ($25.00) in payment of the registration fee. On June 3, 1931, claimant ascertained that said minerals were not required to be registered in this State and immediately advised the Division of Foods and Dairies to that effect, and asked for a return of the registration fee theretofore paid by it. The Superintendent of the Division on June 5, 1931, advised claimant that the money had been paid to the State Treasurer, and therefore could only be recovered through the Court of Claims, but offered to accept claimant's next registration in lieu of the one it then had, and asked the return of said certificate with claimant's next application for registration.

At the time of its next application, to-wit, on February 3, 1932, claimant asked for credit for said sum of Twenty-five Dollars ($25.00) in accordance with the previous offer of the Superintendent of the Division. Thereupon the Superintendent of the Division advised claimant that all registrations for 1931 and all correspondence relating thereto had been filed away, and that the Division could not cancel a 1931 registration and replace it with a 1932 registration.

Claimant then filed its claim in this court for the return of the Twenty-five Dollars ($25.00) so paid by it as aforesaid.

The facts in the case are undisputed and there is no ques-

tion but what the payment of the registration fee in question was made by the claimant under a mistake of fact. The rule covering such payments is set forth in 48 Corpus Juris, page 759, as follows:

"As a general rule, a payment made under a mistake of fact, and which the payor was under no legal obligation to make, may be recovered back, even though made during the pendency of a suit on the demand. The right of recovery under such circumstances is known to the civil and Roman law, as well as to the common law, and is bottomed upon the equitable doctrine that an action will lie for the recovery of money received by one to whom it does not in good conscience belong, the law presuming a promise to repay. The rule applies to payments made to or by public and governmental agencies as well as private persons;" also on page 765 as follows: "Where one by mistake of fact pays more than is due upon a debt or obligation, he may recover the overpayment."

The rule is also announced in 21 R. C. L., page 164, as follows:

"Where money is paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the other to the money, and the money would not have been paid if it had been known to the payor that the fact was otherwise, it may be recovered. The ground on which the rule rests is that money, paid through misapprehension of facts, in equity and good conscience belongs to the person who paid it. Municipal corporations as well as individuals are subject to this rule. An error of fact is ordinarily said to take place either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist. It has sometimes been attempted to draw a distinction between ignorance of fact and error of fact. In practical effect, however, they are substantially one and the same thing and, considered as a motive of actions, ignorance differs but little from error. In practice the terms are frequently used as of interchangeable significance."

The law as above set forth has been recognized by this court in numerous cases. *Bates Valve Bag Corporation* vs. *State,* 7 C. C. R. 64; *Black Star Coal Co.* vs. *State,* 6 C. C. R. 379; *The Importers, Etc. Insurance Co.* vs. *State,* 5 C. C. R. 1; *Big Four Wilmington Coal Co.* vs. *State,* 4 C. C. R. 279; *Fireman's Insurance Co.* vs. *State,* 2 C. C. R. 220.

Under the law claimant is clearly entitled to a return of the registration fee paid by it.

Award is therefore entered in favor of the claimant for the sum of Twenty-five Dollars ($25.00).